UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARLOS NEIRA CHAVEZ,<br><br>    Plaintiff,<br>v.<br><br>TRANSWORLD SYSTEMS, INC.<br><br>    Defendant. | Case No.: 2:25-cv-06724<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. **FDCPA, 15 U.S.C. § 1692** *et seq.* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Carlos Neira Chavez ("Plaintiff") alleges Transworld Systems, Inc. ("Defendant" or "TSI") has violated his rights as provided by the Fair Debt Collection Practices Act:

**INTRODUCTION/PRELIMINARY STATEMENT**

1. This is an individual FDCPA action brought by a consumer alleging statutory damages, actual damages, and additional damages as the Court may allow based upon violations of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1), plus attorneys' fees and costs. The FDCPA prohibits debt collectors from engaging in abusive, misleading/deceptive, and unfair collection practices.

2. Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress expressed concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that

1

"the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id*. § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id*. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id*. § 1692k.

## JURISDICTION AND VENUE

4. The District Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant has its principal place of business within the jurisdictional confines of the Eastern District of Pennsylvania.

## PARTIES

7. Plaintiff is a natural person obligated or allegedly obligated to pay any debt, and he is therefore a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). Plaintiff resides in Queens, New York.

8. Defendant's principal place of business is 500 Virginia Dr. Suite 514 FT Washington, PA 19034. Defendant is in the business of contacting consumers to collect consumer debt, including in the State of New York.

9. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is, therefore, a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(6). Defendant regularly uses the telephone and mail to engage in the business of collecting debts and/or alleged debts from consumers in several states, including New York.

10. Any violations by Defendant as set forth in this Complaint were known and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

11. During all time pertinent to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, Subro gees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff, who works as Carpenter, suffered an injury on February 28, 2023, when he tripped and fell while on the job.

13. Plaintiff received medical treatment for his work-related injury at ODA Primary Health Care Network.

14. Following the work-related injury, on or about March 1, 2023, Plaintiff submitted an assertion of his worker's compensation rights, thereby rendering him a worker's compensation claimant.

15. On or about December 28, 2024, the claim was established by Worker's Compensation Board ("WCB"), where the WCB found Plaintiff suffered a work-related injury to his back, neck and both knees (WCB Case No. G345 9848).

16. New York's workers' compensation statutes are clear regarding collection of medical bills related to workers' compensation claims. The New York Workers' Compensation Law explicitly prohibits healthcare providers from collecting or receiving fees directly from claimants within the state for medical care or treatment provided under workers' compensation. N.Y. Workers' Comp. Law § 13-f (1).

17. New York Workers' Compensation Law specifically states that the employee is not responsible for bills for medical care related to a workplace injury, but rather, it is the employer who "must pay the bill or notify the medical care provider or supplier in the format prescribed by the chair that the bill is not being paid and explain the reasons for non-payment." N.Y. Workers' Comp. Law § 13-g(1).

18. Instead, providers must seek payment solely from the employer through the provisions outlined in the workers' compensation statute. *Id*. This law is designed to protect injured workers from bearing the financial burden of work-related medical expenses. Furthermore, if a claimant has mistakenly paid any fees to a healthcare provider for treatment covered under workers' compensation, they have a legal right to recover those payments. The law even allows for this right of recovery to be assigned to the chair of the Workers' Compensation Board, who may then pursue legal action against the provider on behalf of the claimant to recoup the improperly collected fees.

19. Thus, Plaintiff is not responsible for any portion of the medical bills related to services rendered on the claim and in connection with his work-related injuries and is not

responsible for payment of any disputed amount between Berkshire Hathaway Direct Insurance Comp ("WC Carrier"), Plaintiff's workers' compensation carrier, and Quest Diagnostics.

20. Despite this, Plaintiff received a debt collection letter from Defendant, on or around August 26, 2025, seeking to collect amounts in default purportedly owed for services rendered by Quest Diagnostics in connection with Plaintiff's work-related injuries (the "Collection Letter")

21. Defendant prominently identified itself as a debt collector in the Collection Letter and unequivocally stated that they are looking to collect a delinquent debt that Plaintiff purportedly owed to Quest Diagnostics, and demanded payment for the defaulted debt.

22. In the collection letter, Defendant claimed that Plaintiff owed a total of $369.25 in connection with his medical treatment provided by Quest Diagnostics and that it would use any information Plaintiff provided to help collect the debt.

23. Defendant designed the communication as a demand for payment, indicating to consumers like Plaintiff that an outstanding balance was owed and payment was due on the debt.

24. Upon information and belief, Defendant included language in the Collection Letter to make Plaintiff believe that he was legally responsible for the subject debt.

25. The Collection Letter is misleading when construed as a whole, as Defendant demanded payment for a debt that Plaintiff was not legally responsible for pursuant to N.Y. Workers' Comp. Law §§ 13-f(1), 13-g(1), and the letter prominently featured payment demands and payment instructions.

26. Upon information and belief, Defendant had actual knowledge or was on notice that Plaintiff was not legally obligated to pay the alleged debt because the debt was based on medical services rendered in connection with an accepted workers' compensation claim.

5

27. Defendant knew or reasonably should have known, that the alleged debts it was attempting to collect from Plaintiff derived from a workers' compensation claimant and that Plaintiff is not liable for the alleged debts pursuant to New York law.

28. Upon information and belief, Defendant knew or was otherwise on notice that some of the debts it attempts to collect are debts that are not valid because the debts derive from medical services rendered in connection with workers' compensation claims.

29. Upon information and belief, Defendant does not attempt to determine whether the debts it seeks to collect derive from medical services rendered in connection with workers' compensation claims (and are invalid), even though Defendant is on notice that many of the debts it attempts to collect so derive.

30. Defendant's attempt to collect an alleged debt from Plaintiff was deceptive, misleading, unfair, unconscionable, and plainly violated numerous provisions of the FDCPA.

31. In or around October 2, 2025, Plaintiff made a partial payment to Defendant, as the billing issue was causing him significant stress and concern.

32. Defendant's collection efforts caused Plaintiff to suffer concrete and particularized injuries and harm. Defendant injured Plaintiff by trying to extract money from Plaintiff that he did not owe. Defendant's collection efforts caused distress to Plaintiff, as he, upon receiving the Collection Letter, worried that he owed a sum of money for his medical treatment that he did not actually owe. Plaintiff worried that he might have been mistaken about his legal obligation to pay the purported debt and might face legal consequences for not doing so.

33. Plaintiff also suffered distress upon receipt of the Collection Letter, as it triggered painful memories of Plaintiff's accident.

34. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, financial harm in connection with addressing the alleged delinquent debt, embarrassment, stress and anxiety.

## COUNT I
## DEFENDANT'S VIOLATIONS OF
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The FDCPA is a comprehensive regulatory scheme that Congress enacted to eliminate abusive, deceptive, and unfair debt collection practices by debt collectors and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a), (e).

37. When Congress enacted the FDCPA in 1977, Congress had found that abusive debt collection practices harmed consumers by, among other things, increasing personal bankruptcy, marital instability, loss of employment, and invasion of privacy.

38. Defendant used mail to pursue an uncollectible debt against Plaintiff.

39. Upon information and belief, Defendant utilizes these false, deceptive, misleading, unfair, and unconscionable tactics as a matter of course when attempting to collect debts from consumers such as Plaintiff, despite the fact that Defendant knew or should have known that the alleged debt derived from medical services rendered in connection with an established workers' compensation claim.

40. Upon information and belief, Defendant lacks procedures to determine whether a debt is covered by workers' compensation insurance or whether a consumer is a workers'

7

compensation claimant before engaging in debt collection efforts for medical debts related to work-related injuries.

41. Upon information and belief, Defendant's conduct is intentional. Defendant did not maintain procedures reasonably adapted to avoid such conduct, but rather intended the conduct.

42. Defendant violated § 1692e(2)(A) of the FDCPA by misrepresenting the legal status of the alleged debt that Defendant attempted to collect from Plaintiff. Defendants' misrepresentations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer. 15 U.S.C. § 1692e(2)(A).

43. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

44. Defendant's debt collection actions, including sending the Collection Letter, used false, deceptive, or misleading representations or means in connection with the collection of a debt.

45. As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to, the above-referenced economic damages, emotional distress, anxiety, embarrassment, frustration, and lost sleep. He is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, and attorneys' fees and costs.

## COUNT II
## DEFENDANT'S VIOLATIONS OF
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant further violated the FDCPA by making false and deceptive representations that Plaintiff owed a debt that he did not legally owe.

48. The alleged debt was in fact not legally owed because it derived from medical services rendered in connection with an accepted workers' compensation claim. Defendant could not legally collect the alleged debt from Plaintiff.

49. Defendant's representations were made knowingly and with the intent to deceive and coerce the least sophisticated consumer in order to induce payments for alleged debt that is uncollectable as a matter of law.

50. Defendant's debt collection actions constituted false, deceptive, or misleading representations or means used by Defendant in connection with the collection of a debt.

51. As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to, the above-referenced economic damages, emotional distress, anxiety, embarrassment, and frustration. He is entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, and attorneys' fees and costs.

## COUNT III
## DEFENDANT'S VIOLATIONS OF
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendant further violated the FDCPA by using unfair or unconscionable means to collect a debt.

54. Defendant's unfair and unconscionable means include, without limitation:

9

    a. Attempting to collect an alleged debt from Plaintiff that derived from medical services rendered in connection with workers' compensation claim, for which collection was "not permitted by law" pursuant to 15 U.S.C. § 1692f(1);

    b. Misleading Plaintiff as to the validity of the debt; and/or

    c. Attempting to coerce, pressure and/or deceive Plaintiff into paying money that he did not in fact owe.

55. Defendant's debt collection actions were false, deceptive, or misleading representations or means used in connection with the collection of an alleged debt.

56. As a result of Defendant's actions, Plaintiff suffered injuries in fact, including but not limited to, the above-referenced economic damages, emotional distress, anxiety, embarrassment, and frustration. Plaintiff is also entitled to recover actual damages, statutory damages, declaratory relief, injunctive relief, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

    A. Declaratory judgment that Defendant violated the FDCPA;

    B. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    C. Injunctive relief prohibiting Defendant's continued deceptive and unlawful debt collection practices against Plaintiff in violation of the FDCPA;

    D. An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    E. An award of costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

F. Any pre-judgment and post-judgment interest as may be allowed under the law.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 1st day of December 2025.

By: */s/ Robert Tobia*
Robert Tobia
GLANZBERG TOBIA LAW, P.C.
123 South Broad Street Suite 1640,
Philadelphia, PA 19109
Tel: (215) 981-5400
Email: robert.tobia@gtlawpc.com

*Attorney for Plaintiff*
*Carlos Neira Chavez*

11